IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COLLEEN YARNALL, et al., | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PHILADELPHIA SCHOOL DISTRICT, et al. | : | NO. 11-3130 |
| | : | |
| | : | |

## MEMORANDUM

**L. Felipe Restrepo, U.S. District Court Judge**                             **October 4, 2013**

This is a consolidated employment discrimination case. On April 4, 2013, I dismissed, in part, the Amended Complaints of Plaintiffs for failure to state a claim. Doc. No.'s 71-72. Now before the Court are motions to reconsider filed by Plaintiffs, Doc. No. 74, and by various defendants from the School District of Philadelphia ("SDP Defendants"), Doc. No. 73. Because this Court made a clear error as to one part of its Memorandum, the motion of the SDP Defendants will be granted, in part. The motion of the Plaintiffs will be denied in its entirety.

**I.      Standard of Review**

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly-discovered evidence. Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995) (citations and quotations omitted). Further, motions for reconsideration "must be based on either an intervening change in controlling law, the availability of new or previously unavailable evidence, or the need to correct clear error or prevent manifest injustice." *Choi v. Kim*, 258 Fed. Appx. 413, 416 (3d Cir. 2007). "A motion for reconsideration is not properly grounded on a request that a court consider

repetitive arguments that have been fully examined by the court." *Benson v. Giant Food Stores, LLC*, No. 09-3194, 2011 WL 722256, at *3 (E.D. Pa. Feb. 28, 2011) (quoting *Blue Mountain Mushroom Co. v. Monterey Mushroom, Inc.*, 246 F. Supp. 2d 394, 398 (E.D. Pa. 2002)). Finally, "[a] motion for reconsideration is not an opportunity for a party to re-litigate already decided issues." *Tractenberg v. Citigroup Inc.*, No. 10-3092, 2011 WL 6747429, at *1 (E.D. Pa. Dec. 22, 2011) (citations omitted).

## II.     Discussion

### A. Plaintiffs' Motion for Reconsideration[1]

#### a. Negligence Claims for Failure of PFT to Properly Supervise its Employees

Plaintiffs first seek reconsideration of this Court's dismissal of one tort claim, a negligent failure to supervise employees, which was filed against the School District of Philadelphia ("School District") and against Plaintiffs' union, the Philadelphia Federation of Teachers ("PFT"). In this Court's Memorandum and Order, the Court dismissed this claim against the School District and the PFT, but only provided an analysis of its dismissal against the School District. This was an error of the Court, but a harmless one, because such a claim cannot succeed against the PFT as a matter of law. However, the Court will explain its dismissal, in order to clarify the record.

---

[1] Plaintiffs failed to file a timely memorandum of law with their motion, as Local Rule of Civil Procedure 7.1(c) requires them to do. Then, two days later, Plaintiffs ostensibly filed a memorandum of law which contains a single, general case citation and thus fails to provide a "concise statement of the legal contentions and authorities relied upon in support of the motion." Local R. Civ. P. 7.1. Failure to follow such rules may be reason enough to deny the Motion. *See Knoll v. City of Allentown*, 707 F.3d 406, 408-409 (3d Cir. 2013) (upholding dismissal of motion for reconsideration due to, among other things, the failure to comply with Local Rule 7.1). However, because this Court's Memorandum lacked some clarity in its own right, the Court will, as best as it can, answer each of Plaintiffs' requests for reconsideration.

The essence of Plaintiffs' claims against the PFT is that a PFT employee failed to file grievances on behalf of Plaintiffs, and thus, PFT should be responsible for a negligence claim for its failure to supervise its employee. Case No. 11-3130, Doc. No. 31 at ¶ 34 ("Plaintiff attempted to file written grievances with the Union regarding Defendant Ray's actions; the Union failed to respond to her and failed to represent her."); Case No. 11-3131, Doc. No. 31 at ¶ 36 ("Plaintiff attempted to file written grievances with the Union regarding Defendant Ray's discriminatory actions; the Union failed to respond to her and failed to represent her."); Case No. 11-3132, Doc. No. 32 at ¶ 34 ("Plaintiff attempted to file written grievances with the Union regarding Defendant Charles Ray's actions; the Union failed to respond to her and failed to represent her."); Case No. 11-3133, Doc. No. 32 at ¶ 36 ("Plaintiff attempted to file written grievances with the Union regarding Defendant Ray's discriminatory actions; the Union failed to respond to her and failed to represent her."). As explained below, such a claim fails as a matter of law.

"A union bears a duty of fair representation to the members of the bargaining unit that it is certified to serve. In return, the members and employees are beneficiaries of a fiduciary obligation owed to them by the union." *Plouffe v. Gambone*, No. 11-6390, 2012 WL 2343381, at *9 (E.D. Pa. June 20, 2012) (citations omitted). "The fiduciary duty owed the member-employee is by the Union, and not by its individual representatives." *Falsetti v. Local Union No. 2026, United Mine Workers of Am.*, 161 A.2d 882, 895-96 (Pa. 1960). As the Pennsylvania Supreme Court has noted, "a public employee's remedy for his bargaining agent's refusal to submit a grievance to arbitration is an action against the union for damages for breach of its duty of fair representation." *Ziccardi v. Com. of Pa.*, 456 A.2d 979, 981 (Pa. 1982). "Moreover, a public employees' union can be held liable to its members only for acts of bad faith, and not for negligence in processing a grievance." *Waklet-Riker v. Sayre Area Educ. Ass'n*, 656 A.2d 138,

3

141 (Pa. Super. 1995). Here, Plaintiffs pleaded only negligence, not a breach of the duty of fair representation. Thus, the claim was correctly dismissed by this Court.

However, even to the extent the Court reads Plaintiff's negligence count as a claim of the breach of duty of fair representation, that claim would fail as well, because the Amended Complaint must show bad faith through specific facts. *See Plouffe*, 2012 WL 2343381 at *11; *Runski v. Am. Fed'n of State, County and Mun. Employees, Local 2500*, 598 A.2d 347, 351 (Pa. Cmwlth. 1991). It fails to do so, with only short, conclusory statements, claiming that the PFT "failed to respond and/or reply to the teachers' complaints," Case No. 11-3130, Doc. No. 31 at ¶ 121, and that as a result of these "actions or inactions," Id. at ¶ 123, Plaintiffs were damaged. This is insufficient. The Amended Complaint fails to make well-pleaded, plausible allegations that establish that the PFT was acting in concert with the School District, or make any other sufficient allegations of bad faith against PFT. S*ee Plouffe*, 2012 WL 2343381 at *11. As such, no claim for breach of duty of fair representation could survive, either.[2]

Accordingly, Plaintiffs' Motion for Reconsideration is denied on this claim. Further, because a negligence claim is not a proper cause of action against the PFT as a matter of law, Plaintiffs' request to dismiss this count without prejudice is similarly denied.

---

[2] Plaintiffs do not ask for the Court's reconsideration of its dismissal of the count alleging Negligent Infliction of Emotional Distress. For clarity's sake, however, the Court notes that such a claim, based on the allegations of the Amended Complaint, could not survive against the PFT.

The Pennsylvania Supreme Court recently recognized that the tort of Negligent Infliction of Emotional Distress may exist in a "limited species" of cases where the defendant had a fiduciary duty with a plaintiff. *Toney v. Chester County Hosp.*, 36 A.3d 83, 84-85 (Pa. 2011). The Court limited the tort in those situations to "relationships involving duties that obviously and objectively hold the potential of deep emotional harm in the event of breach." *Id.* at 95. While the Court resisted giving an exhaustive list of the relationships that would qualify, it stressed that relationships "involving life and death" were general examples. *Id.* This Court does not believe that a union-employee relationship is the type of relationship that the Pennsylvania Supreme Court envisioned, and thus, this claim cannot survive.

### b. Conspiracy Claims Against the School District and PFT

Plaintiffs also seek reconsideration of the dismissal of their conspiracy claims. As this Court noted in its Memorandum, under Pennsylvania law, "to overcome a motion to dismiss, a party asserting civil conspiracy must allege: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage." *Combs v. NCO Financial Systems, Inc.*, No. 10-5673, 2011 WL 1288686, at *3 (E.D. Pa. Apr. 5, 2011) (citation and internal quotations omitted). "A plaintiff alleging conspiracy must plead enough factual matter which, if taken as true, suggests that an agreement was made or, in other words, plausible grounds to infer an agreement." *Plouffe*, 2012 WL 2343381 at *11 (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). Further, "[p]roof of malice, i.e., an intent to injure, is essential in proof of a conspiracy." *Combs*, 2011 WL 1288686 at *3. (citation omitted). The Court, in its memorandum, found that Plaintiffs failed to meet this burden. Plaintiffs provide no meaningful facts or law for this Court to reconsider the dismissal of this claim, and thus, the Court declines to do so.

Moreover, in further denying Plaintiffs' request that dismissal be without prejudice, this Court notes, first, that Plaintiffs' tort claims against the School District, including the conspiracy claim, may not succeed pursuant to the Pennsylvania Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. C.S.A. § 8541. *See Wakshul v. City of Philadelphia*, 998 F. Supp. 585, 588 (E.D. Pa. 1998) (dismissing conspiracy and other state tort claims).[3] Second, a general civil conspiracy claim for failing to submit grievances fails as a matter of law against the PFT. *See Ziccardi*, 456 A.2d at 981 ("a public employee's remedy for his bargaining agent's refusal to

---

[3] "The School District of Philadelphia is a local agency within the meaning of the PSTCA." *Travis v. Deshiel*, 832 F. Supp. 2d 449, 455 (E.D. Pa. 2011).

submit a grievance to arbitration is an action against the union for damages for breach of its duty of fair representation."); *Waklet-Riker*, 656 A.2d at 141 (Pa. Super. 1995) ("[A] public employee's *sole remedy* in the courts is an action against the union for breach of its duty of fair representation when the union acts in bad faith.") (emphasis added). Accordingly, Plaintiffs' further request that this cause of action be dismissed without prejudice is similarly denied.

### c. ADEA Claims

Plaintiffs Ciccimaro and Marenbach seek this Court's reconsideration of the dismissal of their claims under the Age Discrimination in Employment Act (ADEA). Pls.' Mot. Recon. at 6. In the Third Circuit, to sufficiently allege disparate treatment on the basis of age, a plaintiff must allege that (1) her age played a role in the employer's decision, and (2) her age had a "determinative influence on the outcome of that process." *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 300 (3d Cir. 2004). Further, "a plaintiff must prove that age was the 'but-for' cause of the employer's adverse decision." *Gross v. FBL Financial Services*, 557 U.S. 167, 176 (2009)). This Court dismissed these claims because the Amended Complaint failed to allege facts that would plausibly lead to such a claim.

In their motion for reconsideration, Plaintiffs Ciccimaro and Marenbach fail to cite any applicable case law with regards to an analysis under the ADEA and fail to analyze whether they met their burden, including demonstrating that age played a determinative influence on adverse employment actions that were taken against them. Instead, they simply point to one statement in each Amended Complaint made by Defendant Ray that, while using the phrase "not too old," does not alone meet their burden under the ADEA. In fact, a fair reading of the Complaint and all of its allegations demonstrate that what Ciccimaro and Marenbach have pleaded is that they, like

their co-plaintiffs, were discriminated against on the basis of race, not age. As such, the motion is denied on this point.

### d. Section 1983 Claims Against Gilbert and Ismael

Plaintiffs also ask for relief of this Court's ruling dismissing, in part, § 1983 claims against Defendants Shirl Gilbert and Shirl Ismael, in their individual capacities. It is unclear from Plaintiffs' motion what they are seeking specifically, because the Court did not actually dismiss the § 1983 claims against these Defendants, except for the retaliation claims. Mem. 13-15. To the extent that Plaintiffs are, in fact, asking for reconsideration of the retaliation claims specifically, they fail to cite anything in the record or any case law to support their request. Accordingly, the motion on this point is denied, but the Court reaffirms that the other § 1983 claims remain live against these defendants.

Finally, Plaintiffs request that the claims against Defendant Gilbert, in his official capacity, be reinstated. As Defendants note, as a general matter, "because an official capacity suit against an employee of a [governmental agency] is the same as a suit against the [governmental agency] itself, when both a [governmental agency] and its employee are sued, the suit against the employee in his official capacity is dismissed." *Slater v. Susquehanna County*, No. 07-2304, 2008 WL 2779302, at *4 (M.D. Pa. July 14, 2008) (citing *Poli v. SEPTA*, No. 97-6766, 1998 WL 405052, at *12 (E.D. Pa. July 7, 1998). Accordingly, dismissal was proper and the Motion is denied, as is the request that such a dismissal be without prejudice.

### B. Defendants' Motion for Reconsideration

### a. Time Restrictions Under the PHRA

Defendants move for reconsideration of this Court's equitable tolling of the claims brought under the Pennsylvania Human Relations Act ("PHRA"). Under the PHRA, a plaintiff

7

must file a complaint with the Philadelphia Human Relations Commission ("PHRC") within 180 days of the alleged discriminatory act. *See Woodson v. Scott Paper Co*., 109 F.3d 913, 925 (3d. Cir. 1997) (citing 43 P.S. §§ 959(a), 962). Defendants thus moved for dismissal of the PHRA claims because the Plaintiffs did not file a complaint with the PHRC until April 21, 2011, almost two years after the alleged discriminatory acts. The Court denied the dismissal, finding that the doctrine of equitable tolling should apply. Mem. 6. Upon review of this decision, Defendants are correct that the Court's decision was too broad, and as such, the motion must be partly granted.

In the instant case, the state and federal discrimination charges were made with the EEOC, as part of the EEOC-PHRC work-sharing agreement. Doc. No 42-4. No charges of sex discrimination or retaliation were properly raised. Accordingly, this Court dismissed Plaintiffs' federal sex discrimination and retaliation charges, because Plaintiffs failed to exhaust their administrative remedies. Logically, if Plaintiffs never raised claims with the EEOC, the agency where they actually filed their complaints, they never raised those claims with the PHRC, either. However, in this Court's memorandum, the Court found that all of Plaintiffs' PHRA claims—rather than only those claims that Plaintiffs actually administratively exhausted—were preserved due to equitable tolling. As Defendants correctly argue, this failure to dismiss the mirrored PHRA claims would create an incongruous result and manifest injustice, where the very claims this Court has already ruled were not exhausted would then survive as state claims, despite no evidence that they were actually exhausted.[4] Equitable tolling cannot be stretched to those ends. Accordingly, the Court will grant the motion, and dismiss the PHRA sex discrimination and retaliation claims.

---

[4] Plaintiffs' response failed to cite anything in the record that disputes Defendants' assertions on this point.

Lastly, Defendants also ask this Court to dismiss the PHRA race discrimination claim, because, among other things, Plaintiffs were represented during the time the claims sat at the EEOC, and thus, equitable tolling is not justified. The Plaintiffs' lack of representation was indeed one factor that this Court relied on in its decision to toll PHRA claims. Mem. 6. And Plaintiffs, through attorneys bound by Rule 11, dispute that they were so represented. Given that this matter is still at an early stage, the Court will deny the Motion for Reconsideration on this point at this time. But, upon a review of the evidence submitted by the Defendants, the Court notes its doubt that, in fact, Plaintiffs were so unrepresented. As such, the Court will allow Defendants to re-raise this claim at the close of evidence, when the full record may be examined.

An appropriate order follows.